IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EARL FITZGERALD WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-CV-1063-WHA-KFP |
| | ) | |
| RONALD L. MYERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Earl Fitzgerald Webb, a pro se inmate confined in the Lee County Detention Center on pending criminal charges, filed this 42 U.S.C. § 1983 action challenging the constitutionality of a conviction following his guilty plea in 1984 before the Circuit Court of Lee County, Alabama, for first degree burglary, a conviction overturned by the Alabama Supreme Court in 2002. *See Ex parte Webb*, 843 So. 2d 127 (Ala. 2002).[1] Webb seeks monetary damages for alleged constitutional violations and requests that the Court exercise supplemental jurisdiction over state claims. Doc. 1 at 4, 27. Upon review, the undersigned finds this case is due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[1] The Clerk stamped the Complaint "received" on December 23, 2020, but Webb certified he executed the Complaint on December 15, 2020. Doc. 1 at 27. Thus, the latter date is the earliest date Webb could have placed the Complaint in the jail system for mailing to the Court. A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The Court therefore considers December 15, 2020, as the filing date.

[2] Because the Court granted Webb in forma pauperis status, it must screen the Complaint under 28 U.S.C. § 1915(e)(2)(B)(i)–(iii), which requires dismissal if the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune.

## II.     DISCUSSION

### A.     Constitutional Challenges to Conviction

Webb challenges the constitutionality of his 1984 conviction for first degree burglary, a conviction reversed by the Alabama Supreme Court on June 14, 2002. Any claims related to that conviction are barred by the applicable two-year period of limitations.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

In *Heck v. Humphrey,* 512 U.S. 477, 489 (1994), the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is cognizable in a 42 U.S.C. § 1983 action when "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus[.]" The Alabama Supreme Court reversed Webb's conviction on June 14, 2002. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Webb from application of the time bar.[3] Therefore, the statute of limitations for

---

[3]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action," but such tolling must not exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). The Complaint and relevant state court opinion demonstrate that Webb had not been deemed legally insane and was not under the age of 19 when his claims accrued in 2002.

claims related to his 1984 conviction began to run on June 15, 2002,[4] and ran uninterrupted until its expiration on June 15, 2004. Jones filed the instant complaint on December 15, 2020, over 16 years after expiration of the applicable period of limitations.

The statute of limitations is usually a matter that is raised as an affirmative defense. The Court notes, however, that when a plaintiff proceeds in forma pauperis in a civil action, it may sua sponte consider affirmative defenses apparent from the face of the complaint. *Clark v. Ge. Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

---

[4] In computing the federal limitations period, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

3

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the Complaint and relevant state court opinion, Webb has no legal basis to proceed on claims challenging the constitutionality of his 1984 conviction. The governing two-year period of limitations began to run on June 15, 2002, and expired on June 15, 2004, several years before Webb filed this lawsuit. The undersigned concludes that Webb's federal claims challenging the constitutionality of his 1984 conviction are barred by the applicable statute of limitations and are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 640 n.2; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B. Supplemental Jurisdiction

To the extent Webb seeks relief on pendent state law tort claims, a review of these claims is appropriate only upon exercise of this Court's supplemental jurisdiction. In the posture of this case, however, the Court concludes that exercise of supplemental jurisdiction is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443–47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v.*

4

*Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

In view of the resolution of Webb's federal claims, the pendent state law claims are due to be dismissed without prejudice. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed before trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The undersigned, making no determination on the merits or timeliness of the state law claims, recommends that the Court decline to exercise supplemental jurisdiction over those claims.

### III.   CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS:

1.   The federal claims challenging the constitutionality of Plaintiff's 1984 burglary conviction be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as these claims are barred by the applicable statute of limitations.

2.   Plaintiff's pendent state law tort claims be dismissed without prejudice to Plaintiff's right to present them to the appropriate state court, as the undersigned deems it inappropriate to exercise supplemental jurisdiction over these claims.

3.   This case be summarily dismissed.

It is further ORDERED that on or before **January 26, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The

parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of January, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE